UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES LEE KINLAW, JR.,

        Plaintiff,

v.                                               Case No. 3:19-cv-385-J-39JRK

PUTNAM COUNTY SHERIFF'S OFFICE
DETENTION CENTER,

        Defendant.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff James Lee Kinlaw, Jr., a pretrial detainee at the Putnam County Jail, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names one Defendant: the Putnam County Sheriff's Office Detention Center. In his Complaint, Plaintiff asserts his religious dietary needs are not being met. He alleges his Kosher diet is "violated daily at every meal, food [is] processed by inmates, [there is] no Rabbi to bless [his] food," and his utensils and dishes are not separated from use by the general inmate population. See Complaint at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th

Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff has not stated a claim cognizable under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. When a plaintiff names as a defendant an entity, as opposed to an individual person, the law of the state in which the district court sits determines whether the entity has the capacity to be sued under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (affirming the district court's dismissal of claims against a county sheriff's office because in Alabama, sheriff's departments lack the capacity to be sued). In Florida, a sheriff's office is not a legal entity subject to suit in a civil rights action brought under § 1983. Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes) ("Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control."). See also Herrera v. Rambosk, No. 217CV472FTM29MRM, 2019 WL 1254772,

at *4 (M.D. Fla. Mar. 19, 2019) (dismissing the Collier County Jail under § 1915(e)(2)(B)(ii)).

Plaintiff fails to identify a "person" who deprived him of a constitutional right. Rather, he sues the Putnam County Sheriff's Office Detention Center, which is not a legal entity subject to suit under § 1983. Accordingly, the Putnam County Sheriff's Office Detention Center is due to be dismissed from this action. Because Plaintiff names no other defendant in this action, his Complaint is subject to dismissal without prejudice subject to his right to refile his claim naming proper defendants.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to refile his claim, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** in Jacksonville, Florida, this 17th day of April, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
James Lee Kinlaw, Jr.